IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KIRK CAMPBELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | 1:21-CV-02076-ELR-JEM |
| | * | |
| B. L. KRIZBAI, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

_____

**O R D E R**

_____

Presently before the Court is Magistrate Judge J. Elizabeth McBath's Non-Final Report and Recommendation (the "R&R") and Defendants B. L. Krizbai and John Escandon's objections to the same. [Docs. 42, 45].

## I.   Background[1]

This case arises from a July 24, 2020 traffic stop involving Plaintiff Kirk Campbell and Defendants that resulted in the search of Plaintiff's vehicle and Plaintiff's arrest. See Am. Compl. at 4 [Doc. 19]. After the Georgia Bureau of Investigation (the "GBI") identified Plaintiff apparently purchasing drugs during a

---

[1] For purposes of the present motion to dismiss only, the Court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003).

narcotics investigation it was conducting, it asked the Gwinnett County Police Department to follow Plaintiff's vehicle. See id. at 19.[2] Defendant Krizbai complied with the GBI's request, followed Plaintiff, and eventually stopped him after observing that Plaintiff's "black Mercedes SUV . . . fail[ed] to maintain [its] lane." See Compl. at 7. Defendant Escandon subsequently "arrived on scene to assist" Defendant Krizbai. See id. Defendant Krizbai did not smell the "odor of marijuana . . . on [Plaintiff's] person or in/around [Plaintiff's] vehicle when speaking with [Plaintiff] and gathering [Plaintiff's] [d]river's [l]icense and insurance" information. See Am. Compl. at 20. However, while Defendant Krizbai was "checking [Plaintiff's] driver status and vehicle status," Defendant Escandon "advised [Defendant Krizbai] that he could smell a strong odor of marijuana coming from inside [Plaintiff's] vehicle." See Compl. at 7.

Defendant Krizbai asked Plaintiff to get out of his vehicle, advised Plaintiff that an officer detected the smell of marijuana coming from that vehicle, and patted Plaintiff down. See id. During the pat down, Defendant Krizbai "felt a bag in [Plaintiff's] left pocket that [Defendant Krizbai] could quickly recognize as a bag of narcotics." See id. Defendant Krizbai confirmed that the bag in Plaintiff's pocket contained marijuana, handcuffed Plaintiff, and placed Plaintiff in a patrol car. See

---

[2] Plaintiff attached an array of documents to his Complaint and Amended Complaint. See Compl. [Doc. 1]; Am. Compl.; [Docs. 6, 15, 18]. The Court considers those attachments in its analysis herein. See Hoefling v. City of Mia., 811 F.3d 1271, 1277 (11th Cir. 2016).

id. Defendants then proceeded to search Plaintiff's vehicle where they found "three large zip lock [sic] bags that contained a crystal like [sic] substance." See id. Defendants arrested Plaintiff and transported him to jail. See id. Plaintiff was charged with a traffic offense and two (2) drug offenses. See Am. Compl. at 10.

Through counsel, Plaintiff subsequently moved the Superior Court of Gwinnett County, Georgia (the "Gwinnett Superior Court") to suppress the evidence against him. See id. at 12–14. Upon finding that the prosecution failed to establish that Defendants had probable cause to search Plaintiff's vehicle, Gwinnett Superior Court Judge Tracey B. Mason suppressed the evidence Defendants collected during the traffic stop as well as any evidence derivative from that search. See id. at 18–25. Judge Mason's analysis focused on (1) Defendant Escandon's failure to testify during the suppression hearing and (2) the prosecution's failure to bring forward any evidence in the same that Defendant Escandon "possessed the ability to accurately detect the odor of marijuana[.]" See generally id. Prosecutors later dismissed all charges against Plaintiff, but, by that time, Plaintiff had already served thirteen (13) months in detention. See id. at 27, 29.

On May 14, 2021, Plaintiff filed suit against Defendants in this Court, alleging violations of his rights pursuant to the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution "and the Corresponding Sections of the Georgia Constitution." See Compl. at 3 (erroneous capitalization in original). On May 16,

2022, the Magistrate Judge screened Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915A, found that it was not due to be dismissed pursuant to the same, and Ordered service of process on Defendants. [Doc. 16].

Plaintiff later filed an Amended Complaint, and, on January 9, 2023, Defendants moved to dismiss both that pleading and Plaintiff's original Complaint. See Am. Compl.; [Doc. 37]. In their motion to dismiss, Defendants contend that (1) Plaintiff fails to state a claim for relief and (2) both Defendants are entitled to qualified immunity. [See generally Doc. 37]. In the instant R&R, the Magistrate Judge recommends that the undersigned deny Defendants' motion to in full. [See Doc. 42]. She bases that recommendation on her conclusions that (1) Plaintiff's pleadings and the exhibits attached thereto give rise to a reasonable inference that Defendants violated Plaintiff's constitutional rights and (2) Plaintiff's constitutional rights in this context were clearly established such that qualified immunity does not apply. [See generally id.] Defendants timely filed objections to the R&R on March 27, 2023. [Doc. 45].

**II.    Legal Standards**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of a report and recommendation that is the subject of a proper objection on a de novo

4

basis and any non-objected portion pursuant to a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988). "Frivolous, conclusive or general objections need not be considered by the district court." Id.

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Put differently, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See id. This so-called "plausibility standard" is not akin to a probability requirement; rather, the plaintiff must allege sufficient facts such that it is reasonable to expect that discovery will lead to evidence supporting the claim. See id.

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept as true the allegations set forth in the complaint, drawing all reasonable inferences in the light most favorable to the plaintiff. See Twombly, 550 U.S. at 555–56; United States v. Stricker, 524 F. App'x 500, 505 (11th Cir. 2013) (per curiam). Even so, a complaint offering mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. See Ashcroft, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555); accord Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282–83 (11th Cir. 2007). Rather, "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief" so as to satisfy "the pleading requirements of Rule 8." See Parker v. Brush Wellman, Inc., 377 F. Supp. 2d 1290, 1294 (N.D. Ga. 2005) (citing FED. R. CIV. P. 8(a)(2)).

### III. Discussion

In their objections to the R&R, Defendants contend that the Magistrate Judge erred by failing to recognize that they had probable cause to arrest Plaintiff (and thus were entitled to qualified immunity with respect to Plaintiff's false arrest claim). [See generally Doc. 45]. At the outset, the Court notes that Plaintiff did not specifically plead a claim of false arrest. See generally Am. Compl. Indeed, the *pro se* prisoner complaint forms that the Court distributes to jails and prisons in this district discourage prisoner plaintiffs from engaging in legal argument in favor of having them provide only a description of the facts pursuant to which they claim their rights were violated. See id. In viewing the facts provided by Plaintiff in the Amended Complaint, the Magistrate Judge inferred that Plaintiff raised a claim of false arrest [see Doc. 42], but the Amended Complaint also indicates that Plaintiff raises an illegal search claim. See Am. Compl. at 4–5; Haines v. Kerner, 404 U.S. 519, 520 (1972) (obligating federal courts to construe *pro se* pleadings liberally).

The Court agrees with Defendants that, to the extent Plaintiff raises a false arrest claim, that claim fails as a matter of law because Defendants had probable cause to arrest Plaintiff based on the drugs that they found in his car. In Black v. Wigington, the Eleventh Circuit held that "the exclusionary rule does not apply in a civil suit against police officers." See 811 F.3d 1259, 1268 (11th Cir. 2016). Applying that principle to this case, even though the Gwinnett Superior Court concluded that Defendants did not establish they had probable cause to search Plaintiff's car, the exclusionary rule does not act to suppress in this civil action Defendants' discovery of the drugs before arresting Plaintiff. See id. And the drugs found in Plaintiff's vehicle gave Defendants probable cause sufficient to defeat Plaintiff's false arrest claim, even though those drugs were found during an illegal search. See id. at 1266–69 (finding that officer defendants could use drugs seized during an illegal search to establish they had probable cause sufficient to defeat a malicious prosecution claim); see also Rodriguez v. Farrell, 280 F.3d 1341, 1345 (11th Cir. 2002) ("A warrantless arrest *without probable cause* violates the Fourth Amendment and forms a basis for a section 1983 claim." (emphasis added)).

While Plaintiff fails to state a claim for false arrest, he may still sue for an alleged violation of his rights based on a purportedly illegal search. See Black, 811 F.3d at 1268 ("[P]laintiffs can still sue a police officer for the illegal search or seizure, regardless [of] whether the officers can rely on illegally obtained evidence

to defend themselves against other types of claims."). The Supreme Court's decision in Arizona v. Gant outlines the rules for the legality of searches in factual contexts similar to the one here. See generally 556 U.S. 332 (2009). In that case, the police suspected that Gant was engaged in selling drugs because of a tip relating to the residence Gant was visiting. Id. When the police observed Gant drive up to the residence, they arrested him for driving with a suspended license, handcuffed him, and put him in the back of a patrol car. Id. The police then searched Gant's automobile and found cocaine in the pocket of a jacket on the back seat. See id. at 335. On appeal, the Supreme Court found that the search of Gant's automobile was unconstitutional because he was secured at the time of his arrest and the drug evidence the police recovered was unrelated to the crime for which Gant was arrested, i.e., driving with a suspended license. Id. at 343.

In making this finding, the Supreme Court held that a warrantless search of a vehicle whose driver has just been arrested is only constitutional (1) "when the arrestee [driver] is unsecured and within reaching distance of the passenger compartment [of the vehicle] at the time of the search" or (2) "when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.'" Id. at 343, 345, 351 (quoting Thornton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment)). Absent either of these specific circumstances, a search of an arrestee's automobile is unconstitutional unless the searching officers

8

obtain a warrant or show that another exception to the warrant requirement applies. Id. One such exception is "[i]f there is probable cause to believe a vehicle contains evidence of criminal activity[,]" in which case officers may "search . . . any area of the vehicle [where] . . . evidence [of that activity] might be found." Id. at 347, 351. "Probable cause" to search "may arise when an officer, through training or experience, detects the smell of marijuana" coming from a vehicle. United States v. Smith, 596 F. App'x 804, 807 (11th Cir. 2015) (citing United States v. Tobin, 923 F.2d 1506, 1512 (1991) (en banc)).

Even where an illegal search has occurred, "[t]he doctrine of qualified immunity protects government officials from liability for civil damages [related to such a search] insofar as the[ officers'] conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal quotation marks omitted). "To receive qualified immunity" for an illegal search claim, "an officer need not have actual probable cause, but only 'arguable' probable cause." Brown v. City of Huntsville, 608 F.3d 724, 734 (11th Cir. 2010). "Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the [d]efendants could have believed that probable cause existed to" conduct the relevant search. Id.

Here, exhibits attached to Plaintiff's Amended Complaint show that Defendant Krizbai pulled Plaintiff over for a traffic stop when Plaintiff failed to maintain his lane after leaving what appeared to be a drug deal. See Am. Compl. at 19–20. At some point, Defendant Escandon informed Defendant Krizbai that he smelled marijuana emanating from the vehicle. Id. at 20–21. Defendants then handcuffed Plaintiff, placed him in a patrol car, searched Plaintiff's vehicle, and found distribution quantities of drugs in the "rear of" the same. Id. at 21. The Gwinnett Superior Court ultimately suppressed the evidence Defendants found in Plaintiff's vehicle (and the evidence derivative of the same) because Defendant Escandon, who smelled the marijuana, did not testify at the suppression hearing and there was "not a scintilla of information in [the record] as to [Defendant] Escandon's training, experience[,] or ability to recognize the odor of marijuana." Id. The Gwinnett Superior Court thus determined that the prosecution had not shown that there was probable cause to search Plaintiff's vehicle. Id. at 24–25.

There may not have been actual probable cause for Defendants to search Plaintiff's vehicle because no evidence has yet been presented that Defendant Escandon had the requisite "training or experience[ to] detect[] the smell of marijuana." Smith, 596 F. App'x at 807. However, even taking all allegations in the Amended Complaint in Plaintiff's favor, that pleading alleges facts that show that Defendant Krizbai had at least arguable probable cause for the search of

Plaintiff's vehicle because Defendant Escandon told Defendant Krizbai that Plaintiff's vehicle smelled of marijuana.  See Jernigan v. City of Montgomery, No. 2:17-CV-44-ECM, 2019 WL 4017387, at *6 (M.D. Ala. Aug. 26, 2019) ("[W]hen a law enforcement official reasonably relies on information received from fellow officers in deciding to arrest a suspect, the relying officer is not subject to civil liability if it later turns out that the information was wrong, and the arrest not supported by probable cause[.]" (internal quotation marks omitted)), aff'd, 806 F. App'x 915 (11th Cir. 2020).  Plaintiff has not alleged any facts that tend to show that Defendant Krizbai had a reason to doubt the veracity of Defendant Escandon's statement, and the odor of marijuana clearly gave Defendant Krizbai probable cause to search the vehicle.  See Smith, 596 F. App'x at 807.  Accordingly, the Court finds that Defendant Krizbai is entitled to qualified immunity with respect to Plaintiff's illegal search claim.  See Brown, 608 F.3d at 734; Jernigan, 2019 WL 4017387, at *6.

The Court's analysis differs with respect to Defendant Escandon.  Plaintiff alleges in the Amended Complaint that Defendant Escandon impermissibly extended the traffic stop that ultimately led to the search of Plaintiff's vehicle.  [See Doc. 19 at 4].  And in his response to Defendants' motion to dismiss, Plaintiff argues that Defendant Escandon could not have smelled marijuana in Plaintiff's vehicle.  [Doc. 40 at 3].  Finally, no evidence has been presented to the Gwinnett Superior

Court or this Court that Defendant Escandon had the requisite "training or experience[ to] detect[] the smell of marijuana" such that Defendants necessarily had probable cause to search Plaintiff's vehicle based on Defendant Escandon's detection of marijuana odor coming from the same. See Smith, 596 F. App'x at 807; Am. Compl. at 25–25. Accordingly, on their face, Plaintiff's pleadings raise a plausible claim that Defendant Escandon violated Plaintiff's Fourth Amendment rights by subjecting him to an illegal search. Additionally, the Court finds that Plaintiff's right to be free from an illegal search under the facts he alleges is clearly established such that, at least at the motion to dismiss stage, Defendant Escandon is not entitled to qualified immunity.[3] See Gant, 556 U.S. at 335, 343, 347, 351.

## IV. Conclusion

For the foregoing reasons, the Court **SUSTAINS IN PART AND OVERRULES IN PART** Defendants' "Objection to the Magistrate Judge's Final [sic] Report and Recommendation." [Doc. 45]. The Court **SUSTAINS** Defendants' objections to the extent they argue that Defendant Krizbai is entitled to qualified immunity related to Plaintiff's claims. The Court **OVERRULES** Defendants' objections in all other respects. Likewise, the Court **ADOPTS IN PART AND REJECTS IN PART** the R&R. [Doc. 42]. The Court **ADOPTS** the R&R as the

---

[3] The Court's finding that Defendant Escandon is not entitled to qualified immunity is made without prejudice, as he may elect to renew that defense at a later procedural stage.

opinion of this Court to the extent it recommends that the undersigned deny Defendant Escandon's request to be dismissed from this case but **REJECTS** the R&R in all other respects.

Next, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' "Motion to Dismiss Plaintiff's Complaint and Amended Complaint." [Doc. 37]. The Court **GRANTS** the motion with respect to all Plaintiff's claims against Defendant Krizbai and with respect to Plaintiff's false arrest claim against Defendant Escandon. The Court **DENIES** the motion in all other respects.

Finally, pursuant to this district's Standing Order 18-01, the Court **REFERS** this case back to the Magistrate Judge for further proceedings.

**SO ORDERED** this 4th day of August, 2023.

*Eleanor L. Ross*
_____
Eleanor L. Ross
United States District Judge
Northern District of Georgia